IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **CLINICIENT, INC.**, a Delaware corporation,<br><br>        Plaintiff,<br><br>        v.<br><br>**SENTINEL INSURANCE COMPANY LTD.**, a Connecticut corporation,<br><br>        Defendant. | Case No. 3:16-cv-478-PK<br><br>**OPINION AND ORDER** |

**Michael H. Simon, District Judge.**

United States Magistrate Judge Paul Papak issued his Findings and Recommendation in this case on November 28, 2016. ECF 22. Judge Papak recommended that the Court deny the Motion to Dismiss (ECF 8) filed by Defendant Sentinel Insurance Company, Ltd. ("Sentinel"). Specifically, Judge Papak recommended that Defendant's Motion to Dismiss the claim of negligence *per se* asserted by Plaintiff Clinicient, Inc. ("Clinicient") be denied on the merits and that Defendant's Motion to Dismiss Plaintiff's claim for breach of the duty of good faith and fair dealing be dismissed as moot. Defendant did not move against Plaintiff's other claim, alleging breach of contract for failure to pay insurance coverage.

PAGE 1 – OPINION AND ORDER

Under the Federal Magistrates Act ("Act"), the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party files objections to a magistrate's findings and recommendations, "the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

Sentinel timely filed an objection (ECF 24), to which Plaintiff responded. ECF 27. Sentinel objects to those portions of Judge Papak's Recommendation concluding that Plaintiff's allegations are sufficient to state a claim for negligence *per se* under Oregon law. The Court has reviewed *de novo* those portions of Judge Papak's Findings and Recommendation to which Sentinel has objected, as well as Sentinel's objections and Plaintiff's response. The Court agrees with Judge Papak's reasoning and ADOPTS those portions of the Findings and Recommendation to which Sentinel has objected.

In addition, for those portions of a magistrate's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review de novo magistrate's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Act "does not preclude further review by the district judge[ ] sua sponte ... under a de novo or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate's recommendations for "clear error on the face of the record." The Court has reviewed for clear

PAGE 2 – OPINION AND ORDER

error the portions of Judge Papak's Findings and Recommendation to which neither party has objected and finds no such error.

## CONCLUSION

The Court ADOPTS U.S. Magistrate Judge Papak's Findings and Recommendation issued on November 28, 2016. ECF 22. Sentinel's Motion to Dismiss (ECF 8) is denied on the merits regarding Clinicient's claim of negligence *per se* and is otherwise denied as moot.

**IT IS SO ORDERED**.

DATED this 14th day of March, 2017.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge

PAGE 3 – OPINION AND ORDER